**FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. SECTION 1983**

In the United States District Court
District of __Massachusetts__

__David Wattleton, represensenting himself and those similarly situated__
__50260-019__                                          on behalf of           persons.

Enter above the full name of the plaintiff
in this action.

**04-40175**

VS.

__United States Department__
__of Justice__

Enter above the full name of the defendant
or defendants in this action.

## I. Parties

(In item A below, place your full name in the first blank and place your present address in the second blank. Do the same for any additional plaintiffs.)

A. Name of Plaintiff __David Wattleton__
   Current Address __P.O. Box 879 - FMC- Devens__
   __Ayers, MA 01432__

(In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the same information regarding any additional defendants.)

B. Defendant __U.S. Department of Justice__ is
   employed as __U.S. Dept of Justice__
   at __960 Pennslyvania Ave, N.W., Washington, D.C.__

C. Additional Defendants _____

## II. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Also include the names of any other persons involved, dates and places of events. You may cite Constitutional Amendments you alleged were violated, but do not give any legal arguments or quote any cases or statutes.

1.

If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. (Attach additional sheet if necessary).

See attached

### III. Relief

Briefly state exactly what you want the court to do for you. (Make no legal arguments. Do not cite cases or statutes.) See Attached

(✓) Jury Trial          ( ) Non-Jury Trial

### IV. Place of present confinement FMC-Devens, Ayers, MA

A. Is there a prisoner grievance procedure in this Institution? (✓) Yes   ( ) No

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

( ) Yes   (✓) No

C. If your answer is **Yes**:

1. What steps did you take? _____

2. What was the result? _____

2.

D. If your answer is **NO**, explain why not. _____N/A_____

E. If there is no prison grievance procedure on the institution, did you complain to the prison authorities?
   ( ) Yes    ( ) No

F. If your answer is **YES**:
   1. What steps did you take? _____
   2. What was the result? _____

## V. Previous Lawsuits

A. Have you ever begun other lawsuits in any state or federal court relating to your imprisonment?
   ( ) Yes    (✓) No

B. If your answer to A is **YES**: You must describe any lawsuits, currently pending or closed, in the space below. (If there is more than one lawsuit, you must describe the additional lawsuits on another piece of paper, using the same outline.)

   1. **Parties to previous lawsuit:**

      Plaintiff(s) _____

      Defendants _____

   2. Court (if federal court, name the District; if state court, name county): _____

   3. Docket number: _____

   4. Name of Judge to whom case was assigned _____

   5. Disposition (was the case dismissed? Appealed? Still pending?) _____

   6. Approximate date of filing lawsuit _____

   7. Approximate date of disposition _____

I declare under penalty of perjury that the foregoing is true and correct.

__8-30-04__                    __David Watts__
   (Date)                      (Signature of Plaintiff)

3,

COMES NOW, the plaintiff, David Wattleton, through pro se, representing himself and those similarly situated persons hereby files this complaint pursuant to 42 U.S.C Section 1983 against the United States Department of Justice alleging that the DOJ has singled him out for an unfair burden to which others similarly situated have not been subjected and the DOJ cannot provide rationale or justification for imposing such an unfair burden upon Mr Wattleton. Essentially Mr Wattleton is challenging the commitment procedures pursuant to 18 U.S.C. Section 4243, Section 4245, and Section 4246, as he believes that he and other candidates for civil commitment receive less favorable treatment than mentally normal candidates for confinement. Specifically, Mr Wattleton is seeking declaratory relief in the form of clarification from this Court as to whether it is constitutionally permissible for a candidate for civil commitment to receive no advance notice or a reasonable opportunity to review with his attorney the contents of the Forensic Report that the Court relies upon to determine mental illness or dangerousness to challenge, object or rebut any discrepancies that may be contained in it, and if not, declare it unconstitutional. Mr Wattleton also seeks a permanent preliminary injunction in the form of an order from this Court enjoining the DOJ from refraining from providing civil commitment candidates no advance notice or reasonable opportunity to review with his attorney the contents of the Forensic Report that the federal courts rely upon to determine mental illness or dangerousness.

Mr Wattleton believes that the Equal Protection Clause mandates that the government must treat similarly situated persons the same. In the instant case Mr. Wattleton asserts that mentally normal candidates for confinement receive more favorable treatment than mentally ill candidates for confinement. That is, reports developed for the edification of judges when sentencing mentally normal candidates for confinement receive more constitutional protection than those reports developed for edification of judges when determining whether to civilly commit candidates based upon mental illness or dangerousness. Mr Wattleton asserts that mentally normal candidates for confinement are given notice and a reasonable opportunity to review with his attorney the contents of the pre-sentence investigation report to challenge, object or rebut any discrepancies that the sentencing court may rely upon to determine the sentence under the Federal Rules of Criminal Procedure Rule 32. Should the mentally normal candidate be sentenced based on inaccurate evidence or information he can file a motion under Rule 35 within ten days of the sentence to review the sentence imposed. And, if not, the mentally normal candidate could appeal directly a sentence imposed based on inaccurate or false evidence in a light more favorable to a defendant/appellant. Mr Wattleton believes that there are no such procedural or constitutional protection from civil commitments based upon inaccurate or false evidence and that violates his Equal Protection Clause rights under the Fourteenth Amendment.

-2-

In the instant case Mr Wattleton believes that the district court relied upon false, misleading, fabricated and exaggerated evidence to determine mental illness and dangerousness. He further asserts that he was not provided with notice or a reasonable opportunity to review with his attorney the information contained in the Forensic Report that the district court relied upon to determine mental illness and dangerousness to challenge, object or rebut the false, misleading, fabricated and exaggerated evidence. He believes that without such notice or constitutional protection he cannot be spared the experience of having irresponsible, false accusations directed against him. Moreover, such vicious and false accusations have resulted in an alleged wrongful civil commitment. For others it could mean harsh prison conditions and lengthy sentences well past their mandatory release date.

In conclusion, as Mr Wattleton believes that he has demonstrated both direct and circumstantial evidence of Equal Protection Clause violation stemming from the favorable treatment the DOJ provides to Mr Wattleton's mentally normal counterpart. He request that this Court should grant him relief in the form of a order from this Court declaring it unconstitutional for a person to be civilly committed without notice or a reasonable opportunity to review with his attorney the contents of the Forensic Report that the district court relies upon to determine mental illness or dangerousness to challenge, object or rebut any discrepancies in it.

Mr Wattleton believes that he is still being the victim of vicious accusations and being singled out for an unfair burden to which others have not been subjected and the DOJ cannot provide any rationale or justification for imposing such an unfair burden upon him. Therefore, Mr Wattleton request a permanent preliminary injunction enjoining the DOJ from initiating any further civil commitment proceedings against him or those similarly situated persons without notice or a reasonable opportunity to review with his attorney the Forensic Report that the district court relies upon to determine mental illness, dangerousness or to forcibly medicate persons to challenge, object or rebut any discrepancies contained in it. Mr Wattleton also seeks class certification as the resolution of those issues would significantly affect those similarly situated persons.

Wherefore, for the foregoing reasons Mr Wattleton request an order from this Court consistent with the above.

Respectfully submitted,

*/s/ David Wattleton*