UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID WATTLETON,                    )
                                   )
          Plaintiff,               )
                                   )
          v.                       )
                                   )     C.A. No. 04-40175-MLW
                                   )
UNITED STATES DEPARTMENT OF        )
JUSTICE,                           )
                                   )
          Defendant.               )
⌒⌒⌒⌒⌒⌒⌒⌒⌒⌒⌒⌒⌒⌒⌒⌒⌒⌒⌒               )
DAVID WATTLETON,                    )
                                   )
          Plaintiff,               )
                                   )
          v.                       )
                                   )     C.A. No. 04-40181-MLW
                                   )
UNITED STATES DEPARTMENT OF        )
JUSTICE,                           )
                                   )
          Defendant.               )

ORDER ON APPLICATIONS TO PROCEED
WITHOUT PREPAYMENT OF FEES ON APPEAL

     For the reasons set forth below, the court hereby denies

plaintiffs' applications to proceed in forma pauperis on appeal

in the above-captioned cases.

BACKGROUND

I.   Plaintiff's Filing History

     Plaintiff David Wattleton ("plaintiff") was civilly

committed in 2000 after being acquitted by reason of insanity of

making telephonic bomb threats.  See United States v. Wattleton,

110 F. Supp. 2d 1380 (N.D. Ga. 2000), aff'd, 296 F.3d 1184 (11th

Cir.), cert. denied, 527 U.S. 924 (2002).  Plaintiff was confined

at FMC Butner in North Carolina prior to being transferred to FMC
Devens in Massachusetts in mid-2004.

In the twenty months since his transfer to FMC Devens,
plaintiff has filed at least a dozen separate actions in this
court.[1]  In each of these actions, he has sought to proceed _in
forma pauperis_.  Plaintiff's applications have been repeatedly
denied without prejudice to renewal once plaintiff has complied
with the affidavit requirements of 28 U.S.C. § 1915(a)(1),
specifically including a requirement that he disclose certain
information regarding the amount of funds held in his trust
account(s) at FMC Devens.[2]  Rather than comply with the

---

[1] In addition to the above-captioned actions, plaintiff has filed the
following actions in this court since September 2004:  Wattleton v. Lappin,
C.A. No. 04-40176-RCL;  Wattleton v. Johnson, C.A. No. 04-40182-JLT;
Wattleton v. Winn, C.A. No. 04-40185-MLW;  Wattleton v. Doe, C.A. No. 04-40206-
PBS;  Wattleton v. Calauttii, C.A. No. 05-40066-PBS;  Wattleton v. Lison, C.A.
No. 05-40088;  Wattleton v. Lever, C.A. No. 05-40093-RWZ;  Wattleton v.
Colautti, C.A. No. 05-40108-NG;  Crawford v. U.S. Dept. of Probation, C.A. No.
06-40010-FDS (plaintiff one of several named plaintiffs); and Wattleton v.
Winn, C.A. No. 06-40095-RCL.  Yet another of plaintiff's cases, Wattleton v.
U.S. Dept. of Justice, C.A. No. 05-10884-NG, was transferred from the United
States District Court for the District of Columbia.

[2] In addition to the two above-captioned cases, the district court has
advised plaintiff on multiple occasions that in order to proceed in forma
pauperis, he must, inter alia, disclose information regarding the amount of
funds held in his FMC Devens trust account.  See e.g., Wattleton v. Lappin,
C.A. No.04-40176-RCL (Order dated March 3, 2005) (plaintiff "must also treat
trust fund accounts as cash or savings accounts when responding...on the
standard application provided by the court);  Wattleton v. Johnson, C.A. No.
04-40182-JLT (Order dated March 9, 2005)(plaintiff "must also treat trust fund
accounts as cash or savings accounts when responding to question number four
on the standard application");  Wattleton v. Lison, C.A. No. 05-40088-RGS
(Order dated June 17, 2005)(plaintiff "must treat his trust fund account at
FMC Devens as cash or a savings account" when completing an application to
proceed without prepayment of fees);  Wattleton v. Lever, C.A. No. 05-40093-
RWZ (Order dated June 27, 2005)("plaintiff must identify the amount and source
of any income he has received in the past year, including deposits to his
trust fund accounts at FMC Devens and FMC Butner.  He must also treat his
prison trust fund accounts as cash or checking or savings account" when
completing the application to proceed without prepayment of fees"); and
Wattleton v. Colautti, C.A. No. 05-40108-NG (Order dated July 29,
2005)(plaintiff "must treat his trust fund account at FMC Devens as cash or a

requirements of 28 U.S.C.§ 1915(a)(1) as instructed, however,
plaintiff has repeatedly asserted, in essence, that he need not
submit any information to the court regarding funds held in his
trust account(s) at FMC Devens because he is a civil committee,
not a "prisoner" subject to the requirements imposed on prisoners
by 28 U.S.C. § 1915(a)(2) (mandating that a prisoner seeking to
proceed in forma pauperis must submit a certified copy of his
institutional trust account statement).

II.  Plaintiff's Applications To Proceed In Forma Pauperis In The
     District Court

     Specifically with respect to the two above-captioned
actions, on June 30, 2005 this court denied plaintiff's
applications to proceed in forma pauperis (Docket No. 3 and
Docket No. 4, respectively).  In doing so, the court specifically
agreed with plaintiff's contention that he is not a "prisoner" as
defined by 28 U.S.C. § 1915(h), and further agreed that, as such,
28 U.S.C. § 1915(a)(2) does not compel him to submit the
certified account statement required of prisoners.[3]

     The court advised plaintiff, however, that he was
nevertheless subject to the financial affidavit requirements of
28 U.S.C. § 1915(a)(1), which apply to all persons seeking to

---

savings account when responding to question number four on the application").

     [3] Civilly committed patients are not subject to this specific
requirement because they are not "prisoners" within the meaning of the in
forma pauperis statute.  See 28 U.S.C. § 1915(h); Kolocotronis v. Morgan, 247
F.3d 726, 728 (8th Cir. 2001); Trouville v. Venz, 303 F.3d 1256, 1260 (11th
Cir. 2002); Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000); King v.
Greenblatt, 53 F. Supp. 2d 117, 138 (D. Mass. 1999).

proceed in forma pauperis.  The court then determined that
plaintiff had failed to comply with § 1915(a)(1) because he had
not disclosed all of the income and/or the amount of assets he
possessed that might have been considered in determining his
ability to pay the filing fees.  Specifically, plaintiff had
entirely failed to inform the court as to whether he had any
funds in his trust account(s) at FMC Devens,[4] nor had he
disclosed whether he had received any deposits to that account.

Finally, the court advised plaintiff that he could file
renewed applications to proceed in forma pauperis, but that any
such applications must be accompanied by a statement detailing
any income he received in the prior year, including the source of
deposits to any prison trust fund accounts.  Plaintiff was also
specifically advised that he must also treat any trust fund
accounts as cash or savings accounts when filing any further
applications.  Plaintiff did not submit renewed applications to
proceed in forma pauperis, nor did he pay the filing fee, and
these actions were eventually dismissed.

III. Plaintiff's Applications To Proceed In Forma Pauperis
     on Appeal

Presently before this court for consideration are

---

[4] The court also noted that plaintiff's other filings in this court
clearly suggest that plaintiff does indeed have a trust fund account at FMC
Devens, and that deposits had been made to that account.  See Wattleton v.
John Doe, 04-40206-PBS (D. Mass.) (docket entry 1, filed Oct. 14, 2004)
(alleging that FMC Devens officials violated 28 U.S.C. § 1915 by collecting
multiple filing fees simultaneously rather than sequentially from his trust
account(s)).

plaintiff's applications to proceed _in forma pauperis_ on appeal.[5] Therein, plaintiff represents that his only income during the prior twelve months has been gifts in the amount of $35.00 per month.  He further avers that he no other assets of any kind.  In response to Question No. 4 of the Affidavits, plaintiff indicates that he has no cash, and that he has no money in "bank accounts or in any other financial institution."  Plaintiff did not provide any information whatsoever concerning funds held at his trust account(s) at FMC Devens.

DISCUSSION

The court denies plaintiff's applications to proceed _in forma pauperis_ on appeal because, yet again, plaintiff has failed to comply with the financial affidavit requirements of 28 U.S.C. § 1915(a)(1).

I.    Applicability of 28 U.S.C. § 1915(a)(1)

As an initial matter, plaintiff would be correct in asserting, as he presumably will, that civilly committed patients are not "prisoners" within the meaning of 28 U.S.C. § 1915(h).  See Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001); Trouville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002); Page v.

---

[5] By two separate Orders both dated November 8, 2005, the United States Court of Appeals For the First Circuit transmitted plaintiff's _in forma pauperis_ applications for consideration by this court.  The court notes that the Affidavits filed by plaintiff in both cases were signed by plaintiff on November 4, 2005, and are virtually identical in all respects, except that it appears that plaintiff mistakenly failed to submit page 2 of the Affidavit with respect to his appeal of C.A. No. 04-40181-MLW.  For purposes of assessing whether plaintiff is entitled to proceed _in forma pauperis_ in both appeals, the court will consider the information contained on page 2 of the Affidavit in the appeal of C.A. No. 04-40175-MLW as though it had been properly submitted in both cases.

<u>Torrey</u>, 201 F.3d 1136, 1140 (9th Cir. 2000); <u>King v. Greenblatt</u>, 53 F. Supp. 2d 117, 138 (D. Mass. 1999).  Accordingly, as noted previously by this court on multiple occasions, 28 U.S.C. § 1915(a)(2) does not require him to submit the certified prison account statement required of prisoners seeking to proceed <u>in forma pauperis</u>.

Nonetheless, as also previously explained to plaintiff, his <u>in forma pauperis</u> applications must meet the requirements of 28 U.S.C. § 1915(a)(1).  This provision permits federal courts to authorize an <u>in forma pauperis</u> action or appeal if brought "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses," if the court determines from that affidavit that the litigant is unable to pay the applicable fees.  <u>See</u> 28 U.S.C. § 1915(a)(1).  Despite the statute's use of the phrase "such prisoner" the affidavit requirement applies to all persons requesting leave to proceed <u>in forma pauperis</u>.  <u>See Martinez v. Kristi Kleaners, Inc.</u>, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam); <u>Haynes v. Scott</u>, 116 F.3d 137, 139-40 (5th Cir. 1997); <u>Floyd v. United States Postal Serv.</u>, 105 F.3d 274, 275-77 (6th Cir. 1997), <u>abrogated in part by statute on other grounds</u>, <u>see Callihan v. Schneider</u> 178 F.3d 800, 803 (6th Cir. 1999); <u>Fridman v. City of New York</u>, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).[6]

---

[6] The use of the word "prisoner" in 28 U.S.C. 1915(a)(1) appears to be a typographical error .  <u>See In re Perry v. Secretary of Hous. & Urban Dev.</u>, 223 B.R. 167, 169 n.2 (8th Cir. 1998); <u>Leonard v. Lacy</u>, 88 F.3d 181, 183 (2d Cir. 1996); 1 James Wm. Moore, et al., Moore's Federal Practice § 4.40[1] (3d ed.

II.  <u>Information Provided by Plaintiff In The Present Applications</u>

In these two cases, plaintiff has once again failed to provide the court with all of the information required by 28 U.S.C. § 1915(a)(1).  Specifically, plaintiff has failed to submit affidavits that "include[s] a statement of all assets such prisoner possesses" because he continues to refuse to provide the court with information regarding the amount of funds held in his trust account(s) at FMC Devens.

The court has repeatedly advised plaintiff that it considers his trust account(s) to be a form of cash or savings accounts, and that this information must be disclosed as such on any affidavit submitted in connection with plaintiff's applications to proceed <u>in forma pauperis</u>.  Plaintiff, however, has consistently disregarded the court's instructions on this point. He could have, and was on notice that he should have, included information regarding the balance of his FMC Devens trust account(s) in response to Question No. 4 of his Affidavit To Accompany Motion For Leave To Appeal In Forma Pauperis.  He has no reason to expect that funds held in his trust account(s) should be exempted from the court's analysis of whether he qualifies for <u>in forma pauperis</u> status.

Accordingly, because plaintiff refuses to disclose "all assets [he] possesses," the court cannot reasonably determine whether he should be allowed to proceed without prepayment of the

_____

2000).

filing fee for these appeals.  In light of plaintiff's failure to comply with the affidavit requirements of 28 U.S.C. § 1915(a)(1), and particularly in light of the fact that these requirements have been explained to plaintiff on multiple occasions, the court denies the present applications.

Accordingly, the applications for leave to proceed without prepayment of fees on appeal are DENIED.  The Clerk shall transmit this Order as a supplemental record to the First Circuit Court of Appeals.

SO ORDERED.

Dated at Boston, Massachusetts, this 4th day of June, 2006.

                    s/ Mark L. Wolf
                    UNITED STATES DISTRICT JUDGE